**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STACI ALMEDA ECKSTEIN,

      Plaintiff,

v.                                                    No. 2:24-cv-01301-KRS

CITY OF CLOVIS; MIKE MORRIS;
CLOVIS POLICE DEPARTMENT;
ROY RICE; CURRY COUNTY;
CURRY COUNTY DETENTION CENTER;
JOE ALANIZ; LANCE A. PYLE; STEPHEN R.
WHITTINGTON; JANEMARIE A. VANDER DUSSEN;
FNU RODRIGUEZ; JAMIE LNU; FNU GARCIA; and
UNNAMED OFFICERS AND AGENTS,

      Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violations of Civil Rights Pursuant to Title 42 U.S.C. § 1983 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 27, 2024 ("Application").

### Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the

> allegations of poverty are untrue or that the action is frivolous or
> malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $2,424.00;[1] (ii) Plaintiff has $0.00 in cash and $0.00 in bank accounts; and (iii) Plaintiff is unemployed and homeless. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because Plaintiff is unemployed and homeless.

## Order to Show Cause

### Standard of Review

#### A.      Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule

---

[1] A partially illegible handwritten comment suggests that the $2,424 in public assistance that Plaintiff received during the past 12 months may be the total amount received during the past year, not the monthly amount.  *See* Application at 2.

8(d)(1) states that allegations in pleadings "must be simple, concise, and direct." FED. R. CIV. P. 8. Pursuant to these provisions, a complaint must "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits " *Lowrey v. Sandoval Cnty. Children Youth & Families. Dep't,* No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023); *see also Embree v. Wyndham Worldwide Corp.,* 779 F. App'x 658, 662 (11th Cir. 2019) (stating that a complaint violates Rule 8 where it "(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act"). While a pro se complaint is construed liberally, "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Lowrey,* 2023 WL 4560223, at *2; *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). A magistrate judge to whom a case has been referred for non-dispositive pretrial matters "may point out deficiencies in the complaint, order a litigant to show cause, and, if necessary, dismiss a complaint for failure to comply with the show cause order." *Lowrey,* 2023 WL 4560223, at *2.

### B.    Section 1915

Where a party is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must screen the complaint and dismiss it if the court concludes that "the action or appeal ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court "appl[ies] the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for [Rule 12(b)(6)] motions to dismiss for failure to state a claim." *Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015, at *2 (10th Cir. July 24, 2024) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact ... 'to state a claim to relief that is plausible on its face.'" *Rutila v. Buttigieg*, No. 23-6157, 2024 WL 5153942, at *2 (10th Cir. Dec. 18, 2024) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). In determining whether this standard has been met, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Lopez,* 2024 WL 3518015, at *2 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). "In assessing plausibility, [the court] need not accept conclusory allegations unsupported by facts." *Id.*; *see also Rutila*, 2024 WL 5153942, at *2 ("we disregard conclusory statements … in which an inference is asserted without stating underlying facts or including any factual enhancement" (internal quotation marks and citations omitted).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [the plaintiff] an opportunity to amend." *Lopez*, 2024 WL 3518015, at 2 (quoting *Curley v. Perry*,

246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)))).

**<u>Application to the Complaint</u>**

### A.    Failure to Comply With Rule 8

As an initial matter, there are several reasons why Plaintiff's complaint fails to comply with Rule 8. First, although Plaintiff separates her claims into four counts,[2] at a minimum Count II alleges two distinct claims--one for Excessive Force and the other for Inhumane Conditions. In addition, all of the counts fail to provide notice of which facts alleged in the "Factual Allegations" section support that particular count. Instead, each count contains an allegation that indiscriminately incorporates all of the preceding allegations by reference. Therefore, it is impossible to know which of the alleged facts are intended to support which counts. Even more troubling than these deficiencies, however, is the conclusory allegation under each count that "Defendants" (in the plural) violated the constitutional right identified in the heading of each count. There are twelve defendants named in the complaint.[3] It is obvious from the facts that not all

---

[2] The Counts are as follows: Count I: Fourth Amendment (Unlawful Arrest Claim); Count II: Eighth Amendment (Excessive Force Claim and Inhumane Conditions Claim); Count III: Fourteenth Amendment (Liberty Due Process Claim); and Count IV: Fifth Amendment (Deprivation of Liberty and Property Due Process Claim).

[3] The named Defendants include: (1) City of Clovis; (2) Mike Morris, City of Clovis Mayor; (3) Clovis Police Department; (4) Roy Rice, City of Clovis Police Chief; (5) Curry County; (6) Curry County Detention Center; (7) Joe Alaniz, Detention Center Administrator; (8) Lance Pyle, Curry County Manager. (9) Stephen R. Whittington, Judge; (10) Janemarie A. Vander Dussen, Judge; (11) FNU Rodriguez; (12) FNU Garcia.

Plaintiff also lists "Jamie LNU, Lt. #159" and "Unnamed Officers and Agents" as defendants, but makes no specific factual allegations against them. Therefore, the Court does not consider Plaintiff as having alleged any claim against those defendants, notwithstanding that their names appear in the case caption. *See* Wright & Miller, 5A FED. PRAC. & PROC. CIV. § 1321 (the identity of the parties actually included in the action is determined by the body of the complaint, not the case caption); *see also Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (holding court properly

defendants can be charged with all of the alleged constitutional violations, yet that is how the complaint reads. "Given the [C]omplaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. May 31, 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'")).[4] The allegations in Plaintiff's Complaint against Defendants as a group "fail[] to isolate the allegedly unconstitutional acts of each defendant, and thereby do[ ] not provide adequate notice as to the nature of the claims against each."

### B.    Claims Seeking Relief From Defendants Who Are Immune

In addition to violating Rule 8 as set forth above, the complaint is subject to dismissal insofar as it seeks monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("the court shall dismiss the case at any time if the court determines that ... the action... seeks monetary relief against a defendant who is immune from such relief").

---

dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

[4] *See also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." (emphasis added)); *Lopez v. Bd. of Cnty. Commissioners for Lea Cnty.,* No. 15-CV-0822 WPJ/LAM, 2016 WL 10588126, at *1 (D.N.M. Mar. 4, 2016) ("As a result of the manner in which the Complaint was drafted, the Court has had difficulty determining with certainty which claims are being asserted against which Defendants, because the legal theories asserted by Plaintiff in the various counts of the Complaint do not apply equally to individuals and entities.").

The Defendants in question are Stephen R. Whittington and Janemarie A. Vander Dussen, both of whom are state court judges (the "Judicial Defendants").

"[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed. Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. For this reason, a judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "Absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides." *Mireles*, 502 U.S. at 11-12. Plaintiff does not specify the factual basis for her claims against Defendants Whittington and Vander Dussen. Those claims are subject to dismissal for this reason alone. But assuming her claims against these defendants are based on their role in Plaintiff's detention, Plaintiff has failed to allege any facts to support a plausible claim that would overcome the Judicial Defendants' judicial immunity from monetary damages. A judge's conduct of proceedings in his or her courtroom is clearly judicial action. And Plaintiff has not alleged facts plausibly suggesting that Defendants Whittington and Vander Dussen took any action in their courtrooms for which there was a complete absence of all subject matter jurisdiction.

Although judicial immunity bars a claim for monetary damages against a judicial officer, declaratory and prospective injunctive relief against those defendants may be available. To receive

declaratory or injunctive relief against a judicial officer under § 1983, however, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. *Catanach v. Thomson*, 718 Fed. Appx. 595, 599 (10th Cir. 2017). There are no factual allegations in the Complaint to plausibly suggest that Defendants Whittington and Vander Dussen violated a declaratory decree of any kind. Nor are there any facts alleged that would plausibly suggest that, without a claim in this matter for declaratory or injunctive relief, such relief would not be available to Plaintiff. To the contrary, Plaintiff had an avenue for such relief in the proceedings over which the Judicial Defendants presided, namely, an appeal from the judicial actions or decisions Plaintiff now challenges. Accordingly, Plaintiff has failed to state a valid claim for injunctive or declaratory relief against Defendants Whittington or Vander Dussen.

### C.    Claims that Fail To State A Plausible Claim For Relief

The remainder of Plaintiff's claims are subject to dismissal for failure to state a claim for relief under the standard applicable for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint alleges the following facts:

**Factual Allegations:** Plaintiff alleges that Defendant Rodriguez, a City of Clovis Police Officer, entered into Plaintiff's house without a warrant or Plaintiff's consent and demanded Plaintiff's driver's license. *See* Complaint at 3-4. After Plaintiff refused to provide her driver's license, Defendant Rodriguez grabbed Plaintiff, tripped her, threw her to the ground and handcuffed Plaintiff causing injuries to Plaintiff. *See* Complaint at 4. Plaintiff also alleges that Defendant Rodriguez "began rubbing his hands up and down, fondling" Plaintiff. Complaint at 4. Insofar as any other defendant is concerned, Plaintiff alleges that: (1) she "was kidnapped and trafficked by civil servant [Defendant] Garcia to the Curry County Detention Center" in violation of 18 U.S.C. §§ 1201(a)(5) and 1583(a)(1), (2) (Complaint at 4); (2) she was "stripped naked by a

few employees at the Curry County detention center, clothed in used prisoner clothing . . . placed in a prison cell," "refused any phone call or contact with private assistance in the 2 days that she was held prisoner," and "was imprisoned for several days without adequate food and water" (*id.* at 5); and that she  was "forced under threat to see the judge, and forced to contract, under duress, in exchange for her freedom" (*id.* at 5). She asserts claims pursuant to 42 U.S.C. § 1983 for unlawful arrest, excessive force, inhumane conditions, and deprivation of liberty and property without due process (*id.* at 5-6), and seeks compensatory and punitive damages, injunctive relief and a declaratory judgment (*id.* at 6).

**Claims Against the Governmental Entity Defendants.** The Complaint names the following governmental entities as Defendants: City of Clovis; Clovis Police Department; Curry County Detention Center; and Curry County. (Complaint ¶¶ 4-6) (collectively the "Governmental Entity Defendants").

**Municipal Sub-Units (Clovis Police Department; Curry County Detention Center):** "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)). There are no factual allegations showing that the Clovis Police Department and the Curry County Detention Center are separate suable entities. Accordingly, the Court finds that the Complaint fails to state a claim against the Clovis Police Department and the Curry County Detention Center.

**Municipal Entities (Curry County and City of Clovis):** Insofar as Curry County and the City of Clovis is concerned, the Supreme Court has made clear that "a local government

may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 611 (1978); *see Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) ("a municipality cannot be held liable under § 1983 on a *respondeat superior* theory")." Instead, in what is commonly referred to as a "*Monell* claim," "'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Waller*, 932 F.3d at 1277 (quoting *Monell*). To state a *Monell* claim against a governmental entity, the plaintiff "must allege specific facts from which it could plausibly be inferred that the entity has a policy or custom which was the moving force behind the alleged constitutional deprivations suffered by" her. *Id.* Only a custom or practice that is "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice" is sufficient to give rise to *Monell* liablilty. *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (internal quotation marks and citation omitted).

Plaintiff has not alleged any facts that would plausibly show that a moving force behind the alleged constitutional deprivations was a policy or custom of either the City of Clovis or Curry County that was so well settled and widespread that the policymaking officials of the City of Clovis and/or Curry County can be said to have either actual or constructive knowledge of it. Accordingly, the Court finds that the Complaint also fails to state claims for relief against the City of Clovis or Curry County.

**Claims Against The Supervisor Defendants.** The Complaint names the following defendants in their capacity as department heads: "Detention Center Administrator - Joe Alaniz"; "City of Clovis Mayor- Mike Morris"; "City of Clovis Police Chief- Roy Rice"; and "Curry

County Manager - Lance A. Pyle" (collectively "the Supervisor Defendants"). (Complaint ¶¶ 7, 10-12). Plaintiff alleges these defendants are responsible for oversight of the operations of their respective organizations. *See* (*id.*).

"Section 1983 does not authorize *respondeat superior* liability for a supervisor based solely on the actions of his subordinates." *Burke v. Regalado*, 935 F.3d 960, 997-998 (10th Cir. 2019). Instead, to properly allege liability under § 1983 for a supervisory role, a plaintiff must allege facts showing the existence of three elements: "(1) personal involvement[,] (2) causation, and (3) state of mind.'" *Id.* (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)). Plaintiff has not alleged any facts that would plausibly suggest that Defendants Alaniz, Morris, Rice, and Pyle were personally involved in any alleged constitutional violations.[5] Accordingly, the Court finds that the Complaint fails to state any valid claim against the Supervisor Defendants.

**Claims Based On Allegedly Inhumane Conditions.** To the extent that Plaintiff is attempting to allege a constitutional claim for "maintenance of inhumane conditions" against any of the aforementioned Defendants, that claim is legally insufficient on the alleged facts. It appears from the Complaint that Plaintiff was a pretrial detainee at the time of her detention. Therefore, Plaintiff's conditions of confinement claim is evaluated under the Fourteenth Amendment Due Process Clause, not, as the Complaint alleges, the Eighth Amendment.[6] Plaintiff's failure to cite

---

[5] *See, e.g., Trujillo v. Williams,* 465 F.3d 1210, 1227–28 (10th Cir. 2006) ("Nothing in Mr. Trujillo's complaint indicates any personal participation by the New Mexico defendants in determining the amount of food Mr. Trujillo received at the [ ] prison." (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); and *Coleman v. Turpen*, 697 F.2d 1341, 1346 n. 7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)).

[6] *See Colbruno v. Kessler,* 928 F.3d 1155, 1162 (10th Cir. 2019) (explaining that the Fourth Amendment applies to "events leading up to and including an arrest," while the Eighth Amendment only protects "prisoners already convicted of a crime," which leaves the Due Process Clause of

the correct constitutional provision, however, is not a basis for dismissal.[7] "[I]n analyzing a condition of pretrial confinement, [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Colbruno,* 928 F.3d at 1162.

> Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. [I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Id.* at 1162-63 (internal quotation marks and citations omitted).

Plaintiff's allegations that she was "stripped naked by a few employees at the Curry County detention center"; "clothed in used prisoner clothing, without socks or footwear"; "placed in a prison cell"; and "refused any phone call or contact with private assistance in the 2 days that she was held prisoner," plausibly suggest only restrictions or conditions that are reasonably related to a legitimate goal of a detention facility. Her allegation that she "was imprisoned for several days without adequate food and water" also does not give rise to a plausible conditions of confinement claim because it lacks specificity regarding the amount of food and water provided such that an

---

the Fourteenth Amendment to protect individuals who claim mistreatment by state officials but find themselves "somewhere between the two stools of an initial seizure and post-conviction punishment" (internal quotation marks and citations omitted)).

[7] *See Albert v. Carovano,* 851 F.2d 561, 571 n. 3 (2d Cir.1988) (in banc) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."); *Prince v. Turn Key Health Clinics, LLC*, No. 18-CV-0282-CVE-JFJ, 2019 WL 238153, at *6 n.10 (N.D. Okla. Jan. 16, 2019) ("although plaintiff does not use the phrases 'Eighth Amendment,' 'Due Process Clause,' or 'Fourteenth Amendment' in his amended complaint, the failure to cite to specific constitutional provisions does not necessitate dismissal").

inference of inadequacy can plausibly be made. This is particularly true in light of the alleged facts indicating Plaintiff was held in the facility for at most two days. The Complaint also refers to a "denial of medical care while in custody." But since there are no factual allegations concerning this claim, it lacks plausibility. Accordingly, Plaintiff has not alleged a plausible Fourteenth Amendment Due Process claim based on allegedly inhumane conditions of confinement.

**Claims Against Police Officer Defendants.** Lastly, the Court addresses Plaintiff's Fourth Amendment claims for unlawful arrest and/or excessive use of force against Defendants Garcia and Rodriguez.

**Defendant Garcia:** The only factual allegation in the Complaint against Officer Garcia specifically is that he transported Plaintiff to the Curry County Detention Center. Plaintiff alleges that this conduct violated 18 U.S.C. § 1201(a)(5) and 18 U.S.C. § 1583(a)(1), (2). (Complaint ¶ 33). Both of the cited statutes, however, are criminal statutes, the former setting forth the crime of "Kidnapping" and the latter the crime of "Enticement into slavery." "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, the Complaint does not state a plausible claim for relief against Officer Garcia.

**Defendant Rodriguez: False Arrest Claim:** The remaining factual allegations giving rise to Plaintiffs' unlawful detention and arrest claims involve Officer Rodriguez. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. Interactions between police and citizens generally fall into one of several categories: "consensual encounters, investigative stops, and arrests." *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000). "Consensual encounters are not seizures within the meaning of the Fourth

Amendment." *Id.* "On the opposite extreme are arrests, which are characterized by highly intrusive or lengthy search or detention." *Id.* (internal quotation marks omitted). Absent a warrant, an officer can make an arrest if he "has probable cause to believe a crime has been committed by the arrestee." *Id.*; *see United States v. Young*, 99 F.4th 1136, 1143 (10th Cir. 2023). Applying these standards, Plaintiff has not plausibly alleged an arrest in violation of the Fourth Amendment for a number of reasons.

First, the allegation that "Defendants unlawfully arrested [Plaintiff] without probable cause" (Complaint, ¶ 44), is conclusory because "it states an inference without stating underlying facts." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). In determining whether Plaintiff has stated a legally sufficient claim, the Court disregards conclusory allegations. *Id.*

Second, the additional factual allegation that the arrest was without a warrant (Complaint ¶ 24), is also insufficient by itself to render the allegation of unlawfulness plausible, because an arrest without a warrant is permissible "when an officer has probable cause to believe that a person committed a crime." *Cortez v. McCauley,* 478 F.3d 1108, 1115–16 (10th Cir. 2007). And probable cause to believe a person committed a crime (and hence probable cause to effect a warrantless arrest) exists "when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id.* (internal quotation marks and citation omitted).

Plaintiff attaches to her Complaint a sworn written statement by Defendant Rodriguez provided in the state court proceedings as part of Plaintiff's arrest and detention (the "Criminal Complaint"). The Court does not accept as true Rodriguez's version of events as set forth in the

Criminal Complaint where that version conflicts with the Complaint's allegations, because that would be improper.[8] Rather, where, as here, a complaint is merely "general and conclusory" in its allegations, a court can rely on an attached police report to fill in the factual details omitted from the complaint so long as those details do not expressly conflict with any fact alleged in the complaint. *Saunders v. Duke*, 766 F.3d 1262, 1270–71 (11th Cir. 2014); *see also Foy.* 2013 WL 2384232, at *6 ("a court may assume the truth of documents attached to a pleading (such as a police report) in analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) … where the pleading's allegations are 'conclusory' and 'contradicted' by the document(s) attached to the pleading").

Rodriguez's Criminal Complaint fills in the details that are omitted from the Complaint, and lay bare the absence of any alleged facts that plausibly suggest that Plaintiff's warrantless arrest was unlawful. Among other things, the Criminal Complaint indicates that Plaintiff was arrested for (1) concealing her identity; (2) resisting, evading, or obstructing an officer; and (3) battery upon a peace officer. *See* (Complaint at 8). These charges all stem from conduct and/or

---

[8] *See, e.g., Hamilton v. Williams,* No. 8:18-CV-885-T-02TGW, 2019 WL 5653450, at *3 (M.D. Fla. Oct. 31, 2019) ("It is counterintuitive to … accept as true in a motion to dismiss the Defendants' own statements in their own police reports merely because the pro se Plaintiff attached the police reports to support a different fact in his case."); *Foy v. Meece*, No. 2:12-CV-02797 KJN PS, 2013 WL 2384232, at *6 (E.D. Cal. May 30, 2013) (rejecting as improper at the motion to dismiss stage the defendants' argument that, "[a]lthough [p]laintiff's [c]omplaint alleges [defendant] violated the Fourth Amendment in detaining or searching [p]laintiff, the police report [p]laintiff attached to the [c]omplaint proves otherwise"); *see also DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010) (a court cannot rely on a document attached to the complaint to dismiss the complaint unless it is "clear on the record that no dispute exists regarding the authenticity or accuracy of the document"); *Jones v. City of Cincinnati*, 521 F.3d 555, 561(6th Cir. 2008) (Rule 10(c) does not require a plaintiff to adopt as true defendant's unilateral statements in an attached exhibit where those statements conflict with plaintiff's allegations and the document does not itself form the basis for Plaintiff's allegations); *Tackett v. Protective Life Ins. Co*., No. 3:13CV720, 2013 WL 12139393, at *2 (N.D. Ohio July 25, 2013) ("Even assuming, however, that an attached declination letter is a 'written instrument' for purposes of [Fed. R. Civ. P. 10], I am not required to assume that all statements in the letter are true.").

actions that were directed at Rodriguez as the arresting officer. *See* (*id.* at 7-8). Therefore, the conduct for which Plaintiff was arrested was conduct personally observed by Rodriguez, and Rodriguez's personal observations are sufficient to establish probable cause to effectuate a warrantless arrest.[9]

---

[9] The probable cause exception to the requirement of an arrest warrant applies when an individual is arrested in a public place. *See Wilson v. Jara*, 866 F. Supp. 2d 1270, 1295 (D.N.M. 2011), *aff'd*, 512 F. App'x 841 (10th Cir. 2013); *but see Wilson*, 866 F. Supp. 2d at 1295 ("The Supreme Court has [ ] held that when a warrantless arrest is initiated at the doorway of a home and the individual retreats into the home, the warrantless arrest is valid. The open doorway … [is] considered a 'public' place for purposes of the Fourth Amendment."); *McKinnon v. Carr*, 103 F.3d 934, 935-36 (10th Cir. 1996) (upholding a warrantless arrest when police officers knocked on an individual's door, the individual voluntarily answered the door, and the police officers arrested him in the threshold of his home). Plaintiff's allegations do not indicate where the arrest took place. While Rodriguez's Criminal Complaint suggests that the incident leading to the arrest began inside the house where Plaintiff was first located, it also indicates that the conduct supporting the charges for which Plaintiff was arrested took place outside, after Plaintiff *"walked out the backdoor"*:

> On 9/18/2024, I was dispatched to 2705 Gidding about a domestic in progress. Upon my arrival, I observed MPO Orum talking to two females and two males in the living room. A female who was later identified as [Plaintiff] was being loud and would not listen. The family wanted Stacey to leave the property but she had been living at the residence for 3 or so months. Stacey said she was going back to her room and closed the door. Shortly after she appeared again and started yelling again. I went passed [sic] Officer Orum and went to talk to Stacey. As I reached Stacey, she started reading the back of a business card that she told me was her lawyer's card. I told her that I needed her driver's license and she attempted to close the door. I told Stacey not to close the door and that I needed her Identification. Stacy *turned around and walked out the backdoor.* I told her not to walk away and she continued to walk [illegible words]. I then grabbed her right wrist and went to handcuff her. I pushed her against a two-by-four that was on the side. [Plaintiff] continued to push away and then picked up her right foot and kicked me on my right sheen. I then turned [Plaintiff] in an attempt to take her down but it did not work and I pushed her against the wall. As I had her pushed against a wall, I pulled my handcuffs out and attempted to handcuff [Plaintiff]. I was not able to handcuff her and did another half spin and put my foot next to her to take her down to the ground. Once on the ground, I was able to handcuff [Plaintiff]. [Plaintiff] landed on top of her glasses but they were ok and I picked

The Criminal Complaint similarly demonstrates that Plaintiff's allegation that she was "detained" unlawfully without a warrant (*see* Complaint ¶ 24) also fails to give rise to a plausible Fourth Amendment claim. Based on the description of what took place in Rodriguez's Criminal Complaint, *see* note 9, *supra*, Plaintiff appears to have been initially detained as part of Rodriguez's investigation of a "domestic in progress." (Complaint at 7). "An investigative detention, which is also referred to as a *Terry* stop, is a seizure within the meaning of the Fourth Amendment, but unlike an arrest, it need not be supported by probable cause." *Young*, 99 F.4th at 1143. Instead, the court "engage[s] in a twofold inquiry [t]o determine whether an investigative detention or a protective search is reasonable under the Fourth Amendment[.] First, the officer's action must be justified at its inception, meaning an officer must have a reasonable suspicion that criminal activity may be occurring. Second, the detention must be reasonably related in scope to the circumstances prompting the stop." *Id.* (internal quotation marks and citations omitted). "In assessing whether reasonable suspicion exists, courts must look at the totality of the circumstances. [R]easonable suspicion may exist even if it is more likely than not that the individual is not involved in any illegality." *Id.* (internal quotation marks and citations omitted).

Again, Plaintiff has alleged no facts from which the Court might plausibly conclude that Rodriguez did not have reasonable suspicion to detain Plaintiff prior to the occurrences for which

---

them up. [Plaintiff] then started yelling and saying that she was a person of GOD.

I had MPO Orum assist me in taking [Planitiff's] purse off of her and then handcuffing her back up. Once Stacey was handcuffed, I walked her out to MPO Orum's unit. I once again asked her for her name and she gave me a long name which she said was her God name. I asked her for her name again and she did not give it to me.

(Complaint at 7-8 (emphasis added)).

Plaintiff ultimately was arrested. The Complaint suggests that Plaintiff's unlawful detention claim is based on Officer Rodriguez having entered the home where Plaintiff was located without having a warrant to do so. But Plaintiff has not alleged any facts that would plausibly suggest that Rodriguez's entry into the home was unlawful. In fact, the Criminal Complaint suggests otherwise, stating that Rodriguez entered the house with the permission of occupants other than Plaintiff. *See United States v. Thompson*, 524 F.3d 1126, 1132 (10th Cir. 2008) ("[T]he Fourth Amendment recognizes a valid warrantless entry … when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant." (internal quotation marks and citation omitted)). Accordingly, Plaintiff's allegation that Rodriguez did not have a warrant to enter the dwelling where she may have been living is, by itself, insufficient to state a plausible claim for unlawful entry or detention without a warrant.

**Defendant Rodriguez: Excessive Force Claim:** Finally, Plaintiff's claim in Count II of the Complaint that she was subjected to excessive force, *see* (Complaint ¶ 46),[10] is also deficient. In order to maintain an excessive force claim, a plaintiff must allege facts that plausibly show: "(1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional." *States v. Rodella*, 804 F.3d 1317, 1327 (10th Cir. 2015). According to the Complaint, Officer Rodriguez "grabbed [Plaintiff] by the right wrist, pushed her against a two by four, wrapped his leg around her shins and tripped her." (*Id.* ¶ 24). Rodriguez allegedly "continued the assault," by "shoving [Plaintiff] into a ladder that was turned on its side and throwing her to the ground, … damaging [her] knees, shoulders, arms, ankles, wrists, back

---

[10] A claim of excessive force outside of the prison context is a Fourth Amendment claim, not an Eighth Amendment claim, as alleged in Count II. But as previously noted, the failure to cite the correct constitutional provision is not a basis for finding a claim legally insufficient.

and chest, documented by … emergency room reports." (*Id.* ¶ 25). Plaintiff allegedly suffered disorientation, pain and trauma," and her "tongue was bit and glasses flung off face as force was applied" by Defendant Rodriguez. (*Id.* ¶¶ 26-27). The lens on her glasses allegedly were scratched, although another officer on the scene "retrieved [them] and placed [them] on the wooden porch rail." (*Id.* ¶ 29).

Plaintiff's description of the force used against her is fairly consistent with Officer Rodriguez's statements in the Criminal Complaint (quoted in full at n.9, *supra*). Plaintiff has adequately alleged some actual injury caused by Officer Rodriguez's use of force that is not de minimis. But she has not plausibly alleged that Rodriguez used greater force than was necessary because there are no allegations in the Complaint that speak to the circumstances in which Officer Rodriguez "grabbed" Plaintiff by her wrist, leading to the scuffle in which Plaintiff alleges her glasses were knocked off her face and she was injured. The Criminal Complaint indicates that Officer Rodriguez used force to secure Plaintiff's compliance with his lawful orders issued as part of a valid investigatory stop. The Complaint contains no factual details that contradict the facts stated in the Criminal Complaint, and those facts plausibly suggest that Officer Rodriguez did not use greater force than was necessary given the circumstances of Plaintiff's resistance to being detained. Accordingly the Court cannot say that Plaintiff has plausibly alleged a valid claim for excessive force.

**\*\*\*\*\*\*\*\*\*\***

For all of the above reasons, the Court orders Plaintiff to file an amended complaint that complies with the requirements of Rule 8, as previously discussed. In addition, Plaintiff is directed to show cause why the Complaint should not be dismissed for attempting to assert claims against individuals who are immune from suit and for failing to state legally sufficient claims for relief

under Rule 12(b)(6). Plaintiff may show cause by filing an amended complaint that corrects the problems with the currently pleaded claims identified in the preceding discussion. Any amended complaint Plaintiff files must also comply with all other Federal and Local Rules of Civil Procedure, *see, e.g.,* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"), and provide sufficient facts from which the Court might infer that Plaintiff has a plausible claim for relief against each of the defendants.

## Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

## Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

## Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

     **IT IS ORDERED** that:

    1.    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed December 27, 2024, is **GRANTED.**

    2.    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss the Complaint Plaintiff's claims; and (b) file an Amended Complaint that

complies with Rule 8 and states legally sufficient claims for relief under Rule 12(b)(6). Failure to

timely show cause and to file an Amended Complaint may result in dismissal of this case.

IT IS SO ORDERED this 28th day of February 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE