IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STACI ALMEDA ECKSTEIN,

       Plaintiff,

v.                                                                                              No. 2:24-cv-01301-KRS

CITY OF CLOVIS,
MIKE MORRIS,
CLOVIS POLICE DEPARTMENT,
ROY RICE,
CURRY COUNTY,
CURRY COUNTY DETENTION CENTER,
JOE ALANIZ,
LANCE A. PYLE,
STEPHEN R. WHITTINGTON,
JANEMARIE A. VANDER DUSSEN,
D. RODRIGUEZ,
JAMIE C.,
FNU GARCIA, and
UNNAMED OFFICERS AND AGENTS,

       Defendants.

### ORDER DENYING MOTION FOR RECUSAL

*Pro se* Plaintiff seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a and b(1)) and 28 U.S.C. § 144. *See* Demand for Recusal of Judge Sweazea, Doc. 12, filed March 20, 2025 ("Motion for Recusal"). Plaintiff contends the undersigned: (i) failed to address constitutional violations; (ii) acted as an advocate for the Defendants; (iii) ignored established precedents protecting *pro se* litigants; (iv) failed "to consider the clear distinction between the living woman and the legal fiction;" (v) practiced law from the bench; and (vi) improperly relied on the police report attached to the Complaint.

1.     **28 U.S.C. § 455**

Section 455 provides:

(a)    Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)    He shall also disqualify himself in the following circumstances:

(1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a and b(1)).

Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> federal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .

> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

The undersigned does not disqualify himself pursuant to 28 U.S.C. § 455 because Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Plaintiff's criticisms of the undersigned's order are not sufficient to warrant disqualification:

> "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Nickl*, 427 F.3d at 1298 (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)). Likewise, a "'judge's ordinary efforts at courtroom administration,' even if 'stern and short-tempered' are 'immune' from charges of bias and partiality," and even allegations of " 'critical,' 'disapproving,' or 'hostile'" judicial remarks are insufficient. *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). To be sure, remarks made in the course of trial *may be* sufficient to require a new trial *if* "they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147.

*Wells*, 873 F.3d at 1252 (emphasis in original).

Plaintiff's contention that the undersigned acted as an advocate and constructed arguments for Defendants is without merit. The Court has a responsibility and the power to secure the just, speedy, and inexpensive determination of every case. *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment; *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly

3

and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which states "the court *shall dismiss* the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (emphasis added). The Court did not construct legal arguments and defenses on behalf of Defendants; the Court identified deficiencies in the Complaint which would require the Court to dismiss this case pursuant to Section 1915(e)(2). *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

    **2.**        **28 U.S.C. § 144**

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . .

28 U.S.C. § 144.

"The filing of the affidavit does not bring about the disqualification. The trial court determines its sufficiency." *U.S. v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976).

> In assessing the affidavit's sufficiency, the judge may not consider the truth of the facts alleged. However, conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification. The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances. The doctrine of incorporation by reference has no place in a § 144

4

affidavit. The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial.

*Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

Plaintiff's Motion for Recusal is insufficient. The Motion does not state with particularity facts showing that the undersigned has a personal bias or prejudice either against Plaintiff or in favor of any adverse party. Accordingly, the undersigned does not disqualify himself pursuant to 28 U.S.C. § 144.

**IT IS ORDERED** that Plaintiff's Demand for Recusal of Judge Sweazea, Doc. 12, filed March 20, 2025, is **DENIED.**

IT IS SO ORDERED this 28th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE