## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STACI-ALMEDA ECKSTEIN,

Plaintiff,

v.                                                  No. 24-cv-1301-KWR-KRS

CITY OF CLOVIS, CITY OF CLOVIS MAYOR- MIKE MORRIS,
CLOVIS POLICE DEPARTMENT,
CITY OF CLOVIS POLICE CHIEF – ROY RICE,
CURRY COUNTY, CURRY COUNTY DETENTION CENTER,
DETENTION CENTER ADMINISTRATOR – JOE ALANIZ,
CURRY COUNTY MANAGER – LANCE A. PYLE,
JUDGE STEPHEN R. WHITTINGTON,
JUDGE JANEMARIE A. VANDER DUSSEN,
D. RODRIGUEZ LT. # 133, JAMIE C. LT. # 159,
OFFICER GARCIA, AND UNNAMED OFFICERS AND AGENTS,

Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT JOE ALANIZ'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

THIS MATTER comes before the Court upon Defendant Alaniz's Motion to Dismiss Plaintiff's Amended Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983, 1985 (**Doc. 14**).  After reviewing the parties' briefing and the relevant law, the Court finds that the Defendant's motion is well-taken, and therefore, is **GRANTED**.

### BACKGROUND

This case arises from a domestic dispute at Plaintiff's dwelling on September 18, 2024. **Doc. 11 at ¶19**.  Plaintiff alleges that after law enforcement had determined no crime had occurred in relation to the emergency call, officers came to her door and demanded her driver's license. *Id.* **at ¶21**.  Plaintiff refused to provide her identification to officers, and instead presented her attorney's business card and read aloud from the back of the card:

1

I will not volunteer any information to you. I do not consent to a search of my person, my belongings, my home, or my vehicle. I hereby assert my 4[th] and 5[th] [A]mendment rights under the U.S. Constitution and other rights guaranteed by the U.S. and state constitutions.

*Id.* **at ¶22**.

Upon reading this card, Plaintiff alleges that officers pushed into her home without warrant, consent, or probable cause and forcibly restrained her for asserting her rights as a sovereign citizen. *Id.* **at ¶¶23–24.**  Officers arrested Plaintiff for concealing her identity and resisting arrest. *Id.* **at ¶25**. Plaintiff alleges she was then taken into custody and detained at the Curry County Detention Center, denied access to legal counsel, and subjected to excessive force, inhumane treatment, physical injuries, and emotional trauma. *Id.* **at ¶¶28–32, ¶37–41**.  She alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, conspiracy to violate her civil rights under 42 U.S.C. § 1985, and municipal liability under 42 U.S.C. § 1983. *Id.* **at 6–9.**

Defendant Joe Alaniz is the administrator at Curry County Detention Center and is responsible for the operation of the facility, including ensuring compliance with constitutional policies. *Id.* **at ¶14**.  It is unclear if Plaintiff intended to sue Defendant in his individual capacity or official capacity. *See id.*

Plaintiff filed her original Complaint on December 27, 2024. **Doc. 1**.  The Honorable Kevin R. Sweazea issued an order to show cause on February 28, 2025, warning Plaintiff that her Complaint did not comply with Federal Rule of Civil Procedure 8, as it did not state a short and plain statement on which relief can be granted and sought relief against defendants who were immune from suit, or Federal Rule of Civil Procedure 12, as it failed to state a plausible claim for relief. **Doc. 9**.  The Court ordered Plaintiff to (a) show cause why the Court should not dismiss the Complaint Plaintiff's claims; and (b) file an Amended Complaint that complies with Rule 8 and states legally sufficient claims for relief under Rule 12(b)(6). *Id.* **at 21**.  Plaintiff did not

comply in full with the Court's order by showing cause, instead accusing the Court in engaging in "legally improper" behavior. **Doc. 10 at 6**.

However, Plaintiff did file an Amended Complaint on March 20, 2025. ***Id.*** Defendant Joe Alaniz filed his Motion to Dismiss for Failure to State a Claim on April 15, 2025. **Doc. 14**. Briefing was complete on May 27, 2025. **Doc. 16** (Plaintiff's Response, filed May 12, 2025); **Doc. 17** (Defendant's Reply, filed May 27, 2025). On July 11, 2025, Plaintiff filed a Second Amended Complaint. **Doc. 19.** The Court now considers whether it should accept Plaintiff's Second Amended Complaint and the merits of Defendant's Motion to Dismiss.

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

**ANALYSIS**

Plaintiff proceeds *pro se*, which colors the Court's analysis of the sufficiency of his Motion. "If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for them *Id.*

I.      **Amendment as to Defendant Alaniz is futile.**

The Court will proceed to the fully briefed motion to dismiss, despite Plaintiff's Second Amended Complaint, because Plaintiff's Second Amended Complaint similarly fails to state a claim and she did not seek leave to amend.

A party may amend its pleadings once as a matter of course 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended

4

complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b).”). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) “states with particularity the grounds for seeking the order,” and (3) specifies the relief sought. Fed.R.Civ.P. 7(b)(1). “We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion.” *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

It is not arbitrary or capricious for a district court to deny leave to amend where a party failed to file a motion for leave to amend. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) (“We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court.”); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (“We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion.”); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) (“Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon.”). Therefore, when a party does not request leave to amend following a motion to dismiss, Tenth Circuit law is clear that a district court generally need not *sua sponte* offer leave to amend.

Here, Plaintiff has not sought leave to amend, nor did she attach a motion to her Second Amendment Complaint. **Doc. 19**. She has already had—and taken advantage of—opportunity within the Rules to amend her Complaint once as a matter of course. However, a court should, in some cases, offer a *pro se* party leave to amend *sua sponte*, such as where the Court dismisses a

complaint *sua sponte* and a motion to dismiss has *not* been filed. *Serna v. Denver Police Dep't*, 58

F.4th 1167, 1173 n.4 (10th Cir. 2023). The Court should grant leave to amend unless "it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged and allowing [her] an opportunity

to amend [her] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991),

*quoted in Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010); *Brever v. Rockwell Int'l*

*Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (court "should dismiss *with leave to amend* ... if it is at

all possible that the party against whom the dismissal is directed can correct the defect in the

pleading or state a claim for relief.").

Even construing Plaintiff's Second Amended Complaint as seeking leave to amend,

granting that motion and accepting the complaint would be futile as to Defendant Alaniz.  Plaintiff

cannot prevail on the facts alleged against Defendant Alaniz in the Second Amended Complaint.

**Doc. 19**.  While Plaintiff's Second Amended Complaint alleges elements of a violation against

Defendant Alaniz, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a

cause of action" will not suffice at the motion to dismiss stage.   *Twombly*, 550 U.S. at 555.

Plaintiff has been on notice of pleading requirements since the beginning of her suit, and the Court

has reminded her of them at least once.  **Doc. 9.**  Plaintiff's Second Amended Complaint has not

alleged sufficient factual material to support a claim against Defendant Alaniz, furthermore,

considering it as to Defendant Alaniz would be futile.  The Court will therefore proceed with the

fully briefed motion to dismiss.

**II.**    **Plaintiff has failed to state a claim against Defendant pursuant to 42 U.S.C. § 1983.**

As a preliminary matter, Plaintiff's Amended Complaint still does not comply with the

notice requirement of Federal Rule of Civil Procedure.  "In § 1983 cases, defendants often include

the government agency and a number of government actors sued in their individual capacities."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). "Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* (citing *Twombly,* 127 S.Ct. at 1970–71 n. 10) (emphasis in original). Plaintiff repeatedly uses "Defendants" or "supervisory Defendants," but fails to distinguish which defendants are supposed to have done what or supervised whom. *See id.* ("Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). A complaint that encompasses a broad range of imaginable circumstances and easily confusable and unspecified defendants "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 127 S.Ct. at 1966. Plaintiff's repeated failure to differentiate her counts and allegedly culpable parties make ascertaining the viability of her claims for relief nearly impossible. *Robbins*, 519 at 1253 (A complaint that "fails to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions" is insufficient).

Wading into the muddy waters of Plaintiff's Amended Complaint, the Court can discern no plausible claim for relief against Defendant Alaniz. Plaintiff's Amended Complaint does not make clear if she intends to sue Defendant in his individual capacity or his official capacity. Plaintiff has seemingly conflated her "supervisory liability" arguments with her *Monell* arguments. **Doc. 11 at ¶¶ 45–46.** In her response, Plaintiff asserts that she appropriately pled a "supervisory liability [claim], consistent with…*Monell*[.]" **Doc. 16 at 2**. Because the Court must construe *pro se* parties' pleadings liberally, the Court will evaluate the sufficiency of either possibility. For the

reasons discussed below, Plaintiff has failed to state a claim against Defendant in either his official or individual capacity.

       *a.  To the extent Plaintiff brings suit against Defendant in his individual capacity, her Complaint alleges no specific unconstitutional conduct.*

"Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Brown v. Montoya,* 662 F.3d 1152, 1164 (10th Cir. 2011)). Thus, the Supreme Court has suggested the term "supervisory liability" is "a misnomer." *Ashcroft v. Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Absent vicarious liability, each Government official, [their] title notwithstanding, is only liable for [their] own misconduct." *Id.* "Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).

Individual capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). To establish supervisory liability against a government agent in their official capacity, the plaintiff must show an "affirmative link" between the supervisor and the constitutional violation. *Dodds v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010). This requires more than "a supervisor's mere knowledge of [their] subordinate's" conduct. *See Iqbal,* 556 U.S. at 677, 129 S.Ct. 1937; *Schneider*, 717 F.3d at 767. A successful § 1983 claim against a defendant based on their supervisory responsibilities has three elements: (1) personal involvement; (2) causation, and (3) state of mind. *Schneider*, 717 F.3d at 767.

Plaintiff fails to allege facts to support any of the elements. First, she has failed to plead any facts demonstrating that Defendant Alaniz was personally involved in the alleged violations of her civil rights. "In order for liability to arise under § 1983, a defendant's *direct personal*

*responsibility* for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006) (emphasis added).

It is not at all clear from the Amended Complaint what constitutional violations occurred while Plaintiff was supposedly under the supervision of Defendant. Plaintiff alleges a laundry list of violations without specifying where they occurred and when. ***See generally*** **Doc. 11**. "The choice of amendment matters" because each amendment "carries with it a very different legal test." *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). Without knowing which violations ostensibly occurred under Defendant's supervision, it becomes impossible to determine if he had direct and personal responsibility for those violations. *Williams*, 465 F.3d at 1227.

Plaintiff argues in her Response that she specifically alleges that Defendant Alaniz "knew of, condoned, and/or failed to address the denial of due process at the Curry County Detention Center," "oversaw policies that denied Plaintiff access to counsel," and "failed to train or discipline staff engaging in religious discrimination and excessive force." **Doc. 16 at 3.** However, Plaintiff's Amended Complaint at most *specifically* alleges that Defendant (1) trained officers to disregard constitutional rights, (2) encouraged officers to fabricate administrative charges and (3) failed to investigate or discipline officers engaging in misconduct. **Doc. 11 at ¶46**. But even these are pled as a group allegation with the other "supervisory defendants," and create a risk of assigning liability for something Defendant did not do. *Id.* Nowhere does the Complaint make clear that Defendant was personally and specifically involved in any of the constitutional violations, including denying Plaintiff due process or access to counsel. *Montoya*, 662 F.3d at 1164–65 ('Personal liability under § 1983 must be based on [Defendant's] personal involvement. . . ."). Nor does she demonstrate beyond a single conclusory allegation that it was Defendant's policies that led to her alleged injuries. *Id.* ("[S]upervisory liability must be based on [Defendant's] Policy.");

*Kan. Penn Gaming, LLC*, 656 F.3d at 1214 (A court should disregard conclusory statements in ruling on a motion to dismiss). Plaintiff fails the first step of the Court's inquiry.

Nor has Plaintiff demonstrated that Defendant was the cause of her alleged injuries. Even assuming the Court could determine which injuries Defendant is supposed to have caused, Plaintiff has not alleged that "defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Schneider*, 717 F.3d at 768 (citation omitted). Plaintiff alleges that Defendant trained his officers to violate the constitution and bring false charges, which could give rise to causation if the Court could determine what injuries those policies caused. *See e.g.*, *Poolaw v. Marcantel*, 565 F.3d 721, 733 (10th Cir. 2009), *as amended* (July 24, 2009) (Finding supervisory liability where supervisors set in motion a series of events they knew or reasonably should have known would result in an illegal search and seizure). However, without knowing *what* injuries Defendant allegedly caused, the Court cannot determine if he played the requisite causal role. Plaintiff's threadbare allegations here again "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 127 S.Ct. at 1966.

Finally, Plaintiff has not alleged that Defendant acted with a culpable mental state. "To establish a violation of § 1983 by a supervisor, as with everyone else, then, the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate [the plaintiff's legal] rights." *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010) (quoting *Serna v. Colo. Dep't. of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006) (edits in original, internal quotations omitted)). But Plaintiff fails to allege any facts that demonstrate any act by Defendant, much less a deliberate or intentional one to violate her rights. ***See generally* Doc. 11**; *see Coleman v. Turpen,* 697 F.2d 1341, 1346 n. 7 (10th Cir.1982) (defendant cannot be liable under § 1983 unless personally

10

involved in the deprivation). Even construed liberally, Plaintiff's Amended Complaint is devoid

of the factual matter necessary to survive a motion to dismiss at all three stages of the inquiry. To

the extent that Plaintiff intended to bring her § 1983 claim against Defendant in his individual

capacity as a supervisor, she has failed to do so.

> b. To the extent Plaintiff pled a claim against Defendant in his official capacity, Plaintiff has not alleged sufficient facts to establish <u>Monell</u> liability.

Equally possible is that Plaintiff intended to bring a claim against Defendant in his official

capacity as a supervisor at Curry County Detention Center. **Doc. 11 at ¶33** (citing *Monell v. Dep't*

*of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)); **Doc. 16 at 2** (conflating supervisory and

*Monell* liability analyses). Suits against municipal employees are construed as suits against the

municipal entity. See *Montoya*, 662 F.3d at 1164, n. 8 ("[A] suit against a state official in his or

her official capacity is not a suit against the official but rather is a suit against the official's office.")

(quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Porro*, 624 F.3d at 1328

("Suing individual defendants in their official capacities under § 1983, we've recognized, is

essentially another way of pleading an action against the county or municipality they represent.").

Thus, to the extent that Plaintiff intended to sue Defendant in his official capacity, the Court must

construe the allegations as against Curry County. This is because "governmental sub-units are not

separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904,

907 (10th Cir. 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that

City and County of Denver would remain as a defendant and dismissing complaint as to the City

of Denver Police Department because it is not a separate suable entity)). There are no factual

allegations showing that the Curry County Detention Center is a separate suable entity.

Accordingly, the Court finds that the Amended Complaint fails to state a claim against the Curry

County Detention Center.

To the extent that the Court should construe Plaintiff's intent in suing Defendant in his official capacity as suing Curry County, Plaintiff also fails to state a claim. While Plaintiff also names Curry County as a separate defendant, Defendant addresses the possibility of Plaintiff's intent to establish Curry County's liability by naming Defendant in his official capacity in his motion. For that reason, the Court will also address this possibility.

Municipal entities cannot be held liable solely for the constitutional violations of its agents or employees. *See Monell*, 436 U.S. at 691. To survive a motion to dismiss, Plaintiff's Amended Complaint must establish "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989)). If the policy or action is facially lawful, Plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

To establish municipal liability, a plaintiff must demonstrate that there was a policy in place that led to the constitutional violation. *Monell*, 436 U.S. at 694. Generally, a "challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider*, 717 F.3d at 770. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original).

Plaintiff makes several accusations, including that she was physically assaulted, held in inhumane conditions, deprived of adequate food and water, and denied her right to legal representation. **Doc. 11 at 8.**  However, the Amended Complaint offers very little to support finding that there was a Curry County policy to deprive Plaintiff of due process, or indeed that these events even occurred in while in the custody of agents of Curry County.  Plaintiff alleges that "Supervisory Defendants within the . . . Curry [C]ounty Detention Center established and condoned policies that encouraged employees to violate the Constitution." *Id.* **at ¶33**.  She also specifically alleges that "Supervisory Defendants, including . . . Detention Center Administrator Joe Alaniz, are liable" for "training officers to disregard constitutional rights," "encouraging officers to fabricate administrative charges," and "failing to investigate or discipline officers engaging in misconduct." *Id.* **at ¶46 a–c.**  Finally, she alleges that several institutional defendants, including Curry County Detention Center, "maintain policies, customs, and practices that encourage constitutional violations." *Id.* **at ¶45.**

While Plaintiff asserts that she specifically alleged that there was an ongoing policy to deny due process and a policy to train staff such that they engaged in religious discrimination and excessive force, **Doc. 16 at 3**, none of the allegations against Defendant or Curry County are so specific. ***See generally*** **Doc. 11**.  Plaintiff points to no formally established policy or well-settled practice, or a specific decision by Defendant or other policymaker within Curry County that would demonstrate that there is a specific policy in place to specifically violate due process of those in Curry County custody. *Schneider*, 717 F.3d at 770.

Plaintiff also alleges that there was a failure to adequately train. **Doc. 11 at ¶46** (alleging that Defendant trains officers to violate the constitution).  While "there are limited circumstances in which an allegation of a "failure to train" can be the basis for liability under § 1983 . . .

13

inadequacy of . . . training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387–88 (1989). A municipality can be liable where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390; *Schneider*, 717 F.3d at 773. But here again Plaintiff has not demonstrated any deficiencies in training within Curry County Detention Center or Curry County beyond her conclusory allegation that it was inadequate. *C.f. Canton*, 489 U.S. at 389 ("*Monell's* rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees . . . represents a policy for which the city is responsible."); *id.* at 390–91 ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."). The Court will not attach municipal liability based on a training program that *might* exist. Plaintiff's "broad allegation is merely a 'formulaic recitation' of a legal conclusion and is inadequate to [find municipal liability]." *Kansas Penn Gaming, LLC*, 656 F.3d at 1220.

Even assuming Plaintiff intended to seek municipal liability through an individual incident, her Amended Complaint falls short. *Riddle*, 83 F.3d at 1202 ("If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally[.]"). Proof of a single incident of unconstitutional activity is insufficient to impose *Monell* liability unless "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427,

2436, 85 L.Ed.2d 791 (1985); *Butler v. City of Norman*, 992 F.2d 1053, 1055–56 (10th Cir. 1993).

And "where the policy relied upon is not itself unconstitutional, considerably more proof than the

single incident will be necessary in every case to establish both the requisite fault on the part of

the municipality, and the causal connection between the policy and the constitutional deprivation."

*Tuttle*, 471 U.S. at 823–24.

Here again, Plaintiff fails. Even taking her alleged constitutional injuries as proof of a

single incident, she still has not alleged who is responsible for each violation. *Montoya*, 662 F.3d

at 1165. The Complaint "fails to isolate the allegedly unconstitutional acts of" any one defendant.

*Id.* Plaintiff's jumbled Amended Complaint does not attribute any of the alleged constitutional

violations to any one policymaker. *Tuttle*, 471 U.S. at 823–24. Her formulaic recitation of

conclusory statements masquerading as factual elements are insufficient to satisfy even the first

step of *Monell*. "It is insufficient to simply allege that" some unnamed officer at the behest of an

unnamed supervisory defendant injured Plaintiff; "the claim must be supported by specific facts

plausibly suggesting" that the incident was caused by an existing unconstitutional policy

attributable to a specific municipal policymaker. *Kansas Penn Gaming, LLC.*, 656 F.3d at 1220;

*Tuttle* 471 at 823–24.

Nor can Plaintiff establish a causal connection between her injuries and Curry County. To

establish the causation element, the challenged policy or practice must be "closely related to the

violation of the plaintiff's federally protected right." *Schneider*, 717 F.3d at 770 (citation omitted).

Plaintiff satisfies this requirement where she shows that "the municipality was the 'moving force'

behind the injury alleged." *Id.* "The causation element is applied with especial rigor when the

municipal policy or practice is itself not unconstitutional, for example, when the municipal liability

claim is based upon inadequate training, supervision, and deficiencies in hiring." *Id.*

15

Plaintiff's Amended Complaint does not "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Schneider*, 717 F.3d at 770. The only constitutional injury in Plaintiff's Amended Complaint the Court can affirmatively discern happened while in the custody of agents of Curry County Detention Center is that she was allegedly denied the right to a phone call or legal counsel during her detainment. **Doc. 11 at ¶37**. But Plaintiff has not identified a specific deficiency in Curry County policies or procedures that led to the injury beyond a broad allegation that it trained officers to disregard constitutional rights. *See Monell,* 436 U.S. at 692, 98 S.Ct. 2018 ("Congress did not intend § 1983 liability to attach where ... causation was absent."); *City of Canton,* 489 U.S. at 391, 109 S.Ct. 1197 (requiring the identified deficiency to "be closely related to the ultimate injury"). Even construed liberally, Plaintiff's Amended Complaint cannot satisfy the second prong of a *Monell* inquiry.

Finally, Plaintiff routinely alleges that the actions of Curry County Detention Center— and by extension, Curry County— were unlawful, negating the state of mind requirement. *See Schneider*, 717 F.3d at 770 ("[A] plaintiff seeking to establish municipal liability *on the theory that a facially lawful municipal action* has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." (emphasis added)).

To the extent that Plaintiff sought to bring a claim against Defendant in his official capacity, Plaintiff has failed to do so. The Court will grant Defendant's Motion to Dismiss.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State

a Claim **(Doc. 14)** is **GRANTED**.

    /S/

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE
